IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED

NOV 16 2012

Clerk, U.S. District Court
District Of Montana
Butte

In re:

YELLOWSTONE MOUNTAIN
CLUB, LLC,

                Debtor.

TIMOTHY L. BLIXSETH,

                Appellant,

vs.

YELLOWSTONE MOUNTAIN
CLUB, LLC; CREDIT SUISSE; AD
HOC GROUP OF CLASS B UNIT
HOLDERS; CIP SUNRISE RIDGE
OWNER LLC; ROBERT SUMPTER;
NORMANDY HILL CAPITAL LP;
MARC S. KIRSCHNER; CIP
YELLOWSTONE LENDING LLC;
CROSSHARBOR CAPITAL
PARTNERS LLC,

                Appellees.

No. CV-11-73-BU-SEH

MEMORANDUM AND ORDER

On appeal from Bankruptcy
Case No. 08-61570-11

## INTRODUCTION

Timothy L. Blixseth (Blixseth) moved to disqualify the Honorable Ralph B.

Kirscher, United States Bankruptcy Judge, in the Chapter 11 bankruptcy In re Yellowstone Mountain Club, LLC, Cause No. 08-61570-11, and in five related adversary proceedings.[1] All were opposed. Judge Kirscher denied the motions on February 25, 2011. Blixseth moved for reconsideration. Judge Kirscher denied the motions for reconsideration on July 26, 2011. This appeal followed.[2]

## ISSUE

The single substantive issue raised by the appeal is whether under 28 U.S.C. § 455 Judge Kirscher should have disqualified himself as requested.[3]

## DISCUSSION

The disqualification statute, 28 U.S.C. § 455, provides, in pertinent part:

> "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a).

Disqualification is to be granted or ordered only when the record, appropriately assessed, so warrants. Clemens v. U.S. Dist. Court for the Dist. of

---

[1] Adversary Proceeding Nos. 09-00014, 09-00018, 09-00064, 10-00015 and 10-00088.

[2] Similar appeals were filed in Cause Nos. CV-11-74-BU-SEH, CV-11-75-BU-SEH, CV-11-76-BU-SEH, CV-77-BU-SEH and CV-11-78-BU-SEH.

[3] The separately stated issue of whether Judge Kirscher erred in denying Blixseth's motion for reconsideration is subsumed by resolution of the substantive appeal issue.

2

Cal., 428 F.3d 1175, 1179 (9th Cir. 2005) (a judge has a strong duty to sit when there is no legitimate reason to recuse). The test to be applied is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). The reasonable person, in this context, means a "well-informed, thoughtful observer," and not a "hypersensitive or unduly suspicious person." Clemens, 428 F.3d at 1178.[4]

Judge Kirscher's February 25, 2011, Memorandum of Decision contains an exhaustive and detailed analysis and discussion of Blixseth's involvement with the Yellowstone Mountain Club entities,[5] the history of the Yellowstone Club related bankruptcies, Blixseth's participation in those proceedings, Blixseth's contentions in seeking disqualification, and the law to be applied in addressing the motion for disqualification. Factual matters within the Bankruptcy Court's personal knowledge are articulated in detail.

---

[4] Blixseth argues this Court adopt a standard of review grounded in the proposition that the judge's actions should be assessed from the "perspective of a reasonable person who is predisposed to suspicions about the inner workings of the judiciary." See Blixseth's Opening Brief at 5-6. This suggested standard is rejected as it finds no support in the law of this Circuit, and is so lacking in specificity as to be incapable of meaningful application.

[5] The Yellowstone Club entities consist of: Yellowstone Mountain Club, LLC; Yellowstone Development, LLC; Big Sky Ridge, LLC; and Yellowstone Club Construction Company, LLC.

3

By contrast, the factual assertions advanced by Blixseth, both before Judge Kirscher and in this appeal, are grounded in his self-serving affidavits which he claims must be accepted as true. He is mistaken. The Court is not obliged to adopt, and does not adopt, the assertions of fact in the affidavits as true. In re Stasz, 2011 WL 6934442 *4 (9th Cir. BAP 2011); In re American Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994). Moreover, many of the assertions of "fact" recited by Blixseth simply cannot be reconciled with the record. To give weight to such unsupported, or outright contradicted by the record, declarations would be entirely unwarranted.

No detailed point by point discussion of Blixseth's characterization of events occurring in the underlying bankruptcy proceeding, or of the many and frequent flaws in those characterizations, is necessary. Having carefully considered the record as a whole, including the rulings and findings made by Judge Kirscher and the bases for those rulings and findings, I conclude that no showing of bias, or prejudice or any lack of impartiality by Judge Kirscher has been demonstrated. Rather, dispassionate assessment reveals that extraordinary consideration was accorded Blixseth and his position throughout the proceedings.

## **CONCLUSION**

I find no basis in the record upon which to conclude that Judge Kirscher

erred in refusing to disqualify himself.

## ORDER

The February 25, 2011, Memorandum of Decision[6] of the United States Bankruptcy Court is AFFIRMED.

DATED this 16th day of November, 2012.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[6] Case No. 08-61570-11